IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


**JESUS GUTIERREZ,**

      **Petitioner,**

v.                                                No. CIV 17-0402 JB/LAM

**UNITED STATES OF AMERICA,**

      **Respondent.**


# ORDER TO CURE DEFICIENCIES

**THIS MATTER** is before the Court on a letter from the *pro se* Petitioner Jesus Gutierrez, which was docketed as a Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. [*Doc. 1*]. In his letter, Petitioner asks the Court to credit his federal sentence with the 14 months he spent in pretrial confinement. *See id.* A challenge to the execution of a sentence, such as a request for pretrial confinement credit, should be brought under 28 U.S.C. § 2241 and must be filed in the district in which the prisoner is confined. *See Bradshaw v. Story*, 86 F.3d 164, 166 (10th Cir. 1996). Thus, the relief Petitioner seeks only is available, if at all, in a § 2241 proceeding.

If Petitioner wishes to pursue relief under § 2241, he must comply with the rules governing habeas corpus proceedings. Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts sets forth the "the minimum pleading requirements for the content of a [habeas] petition" (*Kilgore v. Attorney General of Colorado*, 519 F.3d 1084, 1088 (10th Cir. 2008)), and it provides, in relevant part, as follows:

> The petition must:
>
> (1) specify all the grounds for relief available to the petitioner;
>
> (2) state the facts supporting each ground;
>
> (3) state the relief requested;
>
> (4) be printed, typewritten, or legibly handwritten; and
>
> (5) be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242.

Rule 2(c); *see also* Rule 1(b). Additionally, the petition must name as a respondent the officer who currently has custody of the petitioner. *See* Rule 2(a); *see also Rumsfeld v. Padilla*, 542 U.S. 426, 436 (2004) (holding "that in habeas challenges to present physical confinement-"core challenges"-the default rule is that the proper respondent is the warden of the facility where the prisoner is being held").

The filing fee for a habeas corpus proceeding is $5.00. *See* 28 U.S.C. § 1914(a). If Petitioner wishes to pursue relief under 28 U.S.C. § 2241, he must pay the $5.00 filing fee or submit an Application to Proceed in District Court Without Prepaying Fees or Costs pursuant to 28 U.S.C. § 1915.

Any papers that Petitioner files in response to this order must include the civil action number (CIV 17-0402 JB/LAM). Failure to cure the designed deficiencies **within thirty (30) days of the date of this order may result in the dismissal of this proceeding without further notice**.

**IT IS THEREFORE ORDERED** that, **within thirty (30) days of the date of this order**, Petitioner shall submit: (1) a § 2241 petition on the proper form that complies with Rule 2 of the Rules Governing Section 2254 Cases in the United States District Courts; and (2) the $5.00 filing fee or an Application to Proceed in District Court Without Prepaying Fees or Costs.

**IT IS FURTHER ORDERED** that the Clerk is directed to mail to Petitioner, together with a copy of this Order, two copies each of a form § 2241 petition with instructions and an Application to Proceed in District Court Without Prepaying Fees or Costs.

**IT IS SO ORDERED.**

_____
**LOURDES A. MARTINEZ**
**UNITED STATES MAGISTRATE JUDGE**